Exhibit B

Commonwealth of Massachusetts

Worcester, ss.                                              Superior Court Department
                                                             of the Trial Court

| | |
|---|---|
| STEVEN BARRY and JOSEPH RIBEIRO ) | |
| on behalf of themselves ) | |
| and all others similarly situated, ) | |
| ) | Case No. 19-00821 |
| Plaintiffs, ) | |
| ) | **Jury demanded.** |
| v. ) | |
| ) | Filed as a matter of course |
| BOB'S DISCOUNT FURNITURE, LLC, ) | pursuant to Mass. R. Civ. P. 15(a). |
| ) | |
| Defendant. ) | |

### FIRST AMENDED CLASS ACTION COMPLAINT

1. Steven Barry and Joseph Ribeiro bring this action in order to recover unpaid wages owed to them and all other similarly situated individuals who have worked as sales representatives for Bob's Discount Furniture, LLC ("Bob's").

2. As set forth in more detail below, Bob's owns and operates several furniture, mattress, and home décor retail stores in Massachusetts. Bob's employs sales representatives to work at those stores and pays those sales representatives on a commission basis with a recoverable draw.

3. Although the sales representatives at Bob's often work more than 40 hours in a week, and routinely work Sundays and holidays, Bob's does not pay the sales representatives any overtime compensation or other premium pay. In addition, Bob's requires its sales representatives to perform work on Sundays at a rate of less than 1.5 times their regular hourly rate. As a result of these practices, Bob's has violated the overtime provision of the

1

Massachusetts Minimum Fair Wage Law, M.G.L. c. 151, § 1A, and the Massachusetts Wage Act, M.G.L. c. 149, §§ 148 and 150.

## The Parties

4. Steven Barry is an adult resident of Worcester, Massachusetts. From about March 2015 to about October 2018, Barry worked for Bob's as a sales representative.

5. Joseph Ribeiro is an adult resident of Winchendon, Massachusetts. From about December 2016 to about July 2017, Ribeiro worked for Bob's as a sales representative.

6. Barry and Ribeiro bring this action on behalf of themselves and all others similarly situated, namely, all individuals who have worked for Bob's as sales representatives in Massachusetts during the statutory period applicable to this action, and who have been subject to the practices set forth herein.

7. Bob's Discount Furniture, LLC, is a domestic limited liability company organized under the laws of the Commonwealth of Massachusetts. Bob's Discount Furniture, LLC, maintains its principal office in Manchester, Connecticut.

## Jurisdiction and Venue

8. The Superior Court has jurisdiction over this action pursuant to M.G.L. c. 212, § 3, because this is a civil action for money damages where there is no reasonable likelihood that the plaintiffs will recover amounts less than or equal to $25,000.

9. Venue is proper in Worcester County pursuant to M.G.L. c. 223, § 1, because Bob's usual place of business is located in Worcester, Massachusetts, and because Barry and Ribeiro worked for Bob's at its retail store in Worcester, Massachusetts.

## Statement of Facts

10. Bob's owns and operates several furniture, mattress, and home décor retail stores in Massachusetts. Bob's employs sales representatives to work at these retail stores.

11. Bob's pays its sales representatives on a purely commission basis with a recoverable weekly draw calculated at about $13 per hour. In other words, Bob's advances an amount of money (the "draw") to its sales representatives at a rate of $13 per hour and then deducts the value of the sales representatives' total weekly draw from any commissions they have earned in excess of the draw.

12. Bob's advances a larger draw to its sales representatives when they work Sundays. This has the effect of further indebting the sales representatives to Bob's, in that they must generate more commissions each week as a result of working Sundays before they "cover" their draw.

13. Bob's does not pay its sales representatives any overtime compensation when they work more than 40 hours in a workweek. Aside from the increased draw paid for work on Sundays – which it then recovers from subsequent earned commissions – Bob's also does not pay its sales representatives any premium compensation when they work Sundays or holidays.

14. Bob's requires its sales representatives to work on Sundays.

15. Bob's sales representatives regularly work more than 40 hours in a workweek, and routinely work Sundays and holidays. However, consistent with the compensation policy set forth in paragraph 13, the sales representatives receive no overtime compensation or premium pay for such work time.

16. Barry and Ribeiro worked for Bob's as sales representatives at its retail store located in Worcester, Massachusetts. Throughout their employment, Bob's paid Barry and Ribeiro on a 100 percent commission basis with a recoverable draw.

17. Barry and Ribeiro often worked more than 40 hours in a week. They also worked Sundays and holidays. However, consistent with Bob's compensation policy for its sales representatives, they never received overtime compensation or premium pay for that work time.

## Class Allegations

18. Barry and Ribeiro bring this action on behalf of themselves and all others similarly situated pursuant to M.G.L. c. 151, § 1B, M.G.L. c. 149, §§ 148 and 150, and Massachusetts Rule of Civil Procedure 23. They seek to represent all individuals who have worked for Bob's as sales representatives in Massachusetts during the statutory period applicable to this action, and who have been subject to the practices set forth herein.

19. Joinder of the putative class members is impracticable due to the size and composition of the class, the nature of the claims and relief sought, the remedial purpose of the underlying claims, and because individual joinder would be inefficient, uneconomical, and could result in the deprivation of substantive wage rights to aggrieved employees.

20. There are issues of law and fact common to all the proposed class members because Bob's compensation policy has adversely affected all the proposed class members in similar fashion. The common questions of law and fact predominate over any questions affecting individual class members because the case coheres around a common challenge to a common compensation policy. The predominant questions of law and fact are well-defined and applicable to Barry and Ribeiro, as well as the absent class members.

21. Barry's and Ribeiro's claims are typical of the claims of the putative class because all members of the putative class were subject to the same unlawful practices and suffered similar harms, for which they are owed similar relief.

22. Barry and Ribeiro will adequately represent the interests of the putative class because they do not have a conflict of interest with the class members. The undersigned counsel will adequately represent the class members' interests because they have substantial experience in this field, and their interests in representing the class do not conflict with those of the proposed class.

23. A class action is superior in this case for several reasons including, but not limited to: the case challenges a common compensation policy; the amounts owed to individual employees may not be substantial enough to justify individual lawsuits; many employees may be reluctant to bring claims individually for fear of retaliation; some class members may not have the resources to bring their claims individually; and it would be an inefficient use of judicial resources to require each employee affected by the practices challenged herein to bring his or her own individual claim.

<u>Administrative Filing</u>

24. Barry and Ribeiro have filed their statutory claims with the Fair Labor Division of the Massachusetts Attorney General's Office.

Count I – Failure to Pay Overtime
<u>M.G.L. c. 151, § 1A</u>

25. The overtime provision of the Massachusetts Minimum Fair Wage Law, M.G.L. c. 151, § 1A, requires employers to pay their employees an hourly rate that is not less than 1.5 times their regular rate for all hours worked in excess of 40 per week.

26. The regular rate for employees who are paid on a purely commission basis is the basic minimum wage. Thus, employees who are paid on a purely commission basis are entitled to receive overtime compensation at a rate of 1.5 times the basic minimum wage.

27. As set forth above, Bob's has failed to pay its sales representatives any overtime compensation when they have worked more than 40 hours in a week. Accordingly, Bob's has violated M.G.L. c. 151, § 1A.

28. Barry and Ribeiro bring this action on their own behalf and on behalf of all others similarly situated pursuant to M.G.L. c. 151, § 1B.

Count II – Failure to Pay Sunday and Holiday Pay
M.G.L. c. 149, §§ 148 and 150

29. The Massachusetts Wage Act, M.G.L. c. 149, §§ 148 and 150, requires employers to pay their employees an hourly rate that is not less than 1.5 times their regular rate when they work on Sundays and certain holidays, as provided for in M.G.L. c. 136, §§ 6(50) and 13, even if they do not work more than 40 hours in a week.

30. The regular rate for employees who are paid on a purely commission basis is the basic minimum wage. Thus, employees who are paid on a purely commission basis are entitled to receive compensation at a rate of 1.5 times the basic minimum wage when they work Sundays and certain holidays.

31. As set forth above, Bob's has failed to pay its sales representatives any additional compensation when they have worked Sundays and holidays. Accordingly, Bob's has violated the Massachusetts Wage Act.

32. Barry and Ribeiro bring this action on their own behalf and on behalf of all others similarly situated pursuant to M.G.L. c. 149, §§ 148 and 150.

Count III - Requiring Work on Sundays
M.G.L. c. 149, §§ 148 and 150

33. Pursuant to M.G.L. c. 136, § 6(50), employers are prohibited from requiring employees to work on Sundays at a rate of less than 1.5 times the employees' regular hourly rate.

34. As set forth above, Bob's has required its sales representatives to work on Sundays and has not paid them 1.5 times their regular hourly rate. Accordingly, Bob's has violated the Massachusetts Wage Act, M.G.L. c. 149, §§ 148 and 150.

35. Barry and Ribeiro bring this action on their own behalf and on behalf of all others similarly situated pursuant to M.G.L. c. 149, §§ 148 and 150.

Jury Demand

36. Barry and Ribeiro demand a trial by jury.

WHEREFORE, Plaintiffs respectfully request that the Court enter the following relief:

1. Certification of a class of similarly situated individuals pursuant to Massachusetts Rule of Civil Procedure 23;

2. Restitution for all hours worked in excess of 40 per week during the period of the violations described herein;

3. Restitution for all hours worked on Sundays and certain holidays during the period of the violations described herein;

4. Restitution for damages incurred as a result of Bob's requiring its employees to work on Sundays;

5. Statutory trebling;

6. Interest;

7. Attorneys' fees and costs; and

8. All other relief to which Barry, Ribeiro, and the putative class members may be entitled.

Respectfully submitted,
STEVEN BARRY and JOSEPH RIBEIRO,
on behalf of themselves and all others
similarly situated,

_____
Hillary Schwab, BBO #666029
Brant Casavant, BBO #672614
FAIR WORK P.C.
192 South Street, Suite 450
Boston, MA 02111
Tel.   (617) 607-3261
Fax.   (617) 488-2261
hillary@fairworklaw.com
brant@fairworklaw.com

**Dated:** June 6, 2019.